■ In the Matter of ROOSEVELT HOSPITAL, Petitioner, v. STATE LABOR RELATIONS BOARD, Respondent. LOCAL 1199 DRUG & HOSPITAL EMPLOYEES UNION, AFL-CIO, Intervenor-Respondent.— Determinations of respondent New York State Labor Relations Board dated November 29, 1971 and January 25, 1972, respectively, unanimously annulled, on the facts and the law, and vacated, without costs and without disbursements, and the matter remanded to respondent for further proceedings in accord with this memorandum. In this proceeding to review respondent's determination it appears that the intervenor union, Local 1199, has long been seeking to become the bargaining representative for a certain classification of employees. With this purpose it conducted a card solicitation campaign to obtain members. Despite the fact that the

union obtained cards from a clear majority of the employees in the classification on two occasions, once in 1963 and once in 1966, the vote went against the union by substantial majorities. The union claimed in regard to the later election that it was the consequence of an unfair labor practice, namely, the granting of a wage increase shortly before the election. Petitioner claimed that the wage increase was granted in accord with a long standing policy to bring its wage scale within approximate range of the wages paid by other hospitals, and it points to the fact that the increase in question was given to all employees, not only to the fraction sought to be unionized by the intervenor. Respondent found against petitioner's contentions and that the timing of the increase constituted an unfair labor practice, and directed the petitioner to bargain with the intervenor. We find the determinations to be improper in that the board refused to hear additional evidence which the petitioner sought to introduce on two aspects of the matter. The first contention, which is supported prima facie by sufficient evidence to raise a substantial issue, is that in the long period which elapsed between the election and the union solicitation administrative changes in the hospital affected the unit involved in the proceeding so that a finding on the present appropriate unit is required. Secondly, the issue of petitioner's good faith in granting the pay increase, resting as it does on inferences to be drawn from the facts, should have been allowed greater leeway in presentation. The appropriate procedure which will present a degree of certainty would be for the respondent to determine the proper unit and then to direct a new election, which would be free of interference, by those found to be entitled to express their preference. Concur — Markewich, J. P., Kupferman, Steuer, Tilzer and Eager, JJ.